UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 8:21-cr-25-VMC-TGW

LUIS ALBERTO BRAN-LOPEZ

## UNITED STATES' SENTENCING MEMORANDUM

The United States submits this memorandum for the sentencing hearing for defendant, Luis Alberto Bran-Lopez.

## FACTUAL & PROCEDURAL BACKGROUND

On April 15, 2022, the defendant pleaded guilty to Count One of the Indictment, charging him with a conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine on a vessel subject to the jurisdiction of the United States.

These charges arose out of a January 14, 2021 interdiction by the U.S. Coast Guard Cutter STEADFAST of a go-fast vessel (GFV) crewed by the defendant and his co-defendants, in the international waters of the eastern Pacific Ocean, attempting to smuggle over 450 kilograms of cocaine from South America into Central America.

The defendant admitted and stipulated that he and his coconspirators were detected in international waters and attempted to jettison packages of cocaine. Doc. 153, at ¶¶ 10-11. During the boarding, the defendants represented that they had left Mexico two days prior to fish for sharks; however, there was insufficient fishing equipment on the GFV, and no ice or bait. *Id.* at ¶ 11.

A search of the jettison field and GFV resulted in the seizure of 760 kilograms of cocaine. *Id.* at ¶ 13.

## GUIDELINE CALCULATIONS, MANDATORY MINIMUM PENALTIES & SENTENCING RECOMMENDATION

In the PSR, the United States Probation Office ("USPO") determined that the defendant's applicable guideline range is 292-365 months' imprisonment based on the defendant being the captain of the GFV, the conspiracy involving more than 450 kilograms of cocaine, no reduction for acceptance of responsibility, and no safety valve reduction. The defendant has not submitted any objections to the PSR. Doc. 153, at 15. Count One carries a mandatory minimum term of imprisonment of 10 years. 21 U.S.C. § 960 (b)(1)(B)(ii).

For the reasons articulated below, the United States contends that the court should also apply an obstruction of justice enhancement.

## § 3C1.1: Obstruction of Justice

A court may apply a two-level increase to a defendant's guideline range if the defendant "willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the…prosecution…of the instant offense of

2

conviction, and [] the obstructive conduct related to [] the defendant's offense of conviction and any relevant conduct." U.S.S.G. § 3C1.1. Obstructive conduct includes "providing a materially false statement to a law enforcement officer that significantly obstructed or impeded the official investigation or prosecution of the instant offense." *Id.* at n. 4(G).

Materiality is defined as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." *Id.* at n. 6. The enhancement can apply to false statements made during a defendant's cooperation with law enforcement. *E.g.*, *United States v. Kim*, 27 F.3d 947, 958 (3d Cir. 1994); *United States v. Banks*, 964 F.2d 687, 693 (7th Cir. 1992). Providing conflicting statements about a conspiracy and the roles of codefendants is material. *See United States v. Arguedas,* 86 F.3d 1054, 1059 (11th Cir. 1996) (upholding district court's finding that defendant made materially false statements where defendant "made contradictory statements regarding the identity and whereabouts of his codefendants, and his role and the role of his codefendants in the fraud scheme.").

Bran-Lopez obstructed this case when he gave a materially false statement to law enforcement after previously admitting to being a knowing and willing participant in the conspiracy. Specifically, he falsely claimed that he tricked his codefendants into thinking they were going on a fishing trip – on a GFV with no ice and bait – but were, in reality, going on a smuggling trip that Bran-Lopez had to take because his family had been kidnapped. The motivation for such a story is plainly evident: Bran-Lopez is the designated "fall guy" for his codefendants, intending to

3

exculpate them at trial, while claiming to have been acting under duress the whole time.

The only possible defenses to being caught on the high seas with hundreds of kilograms of cocaine are (1) "I was kidnapped" and (2) "I didn't know it was a drug trip when I boarded the vessel." Many of the codefendants in this case cannot credibly testify to such a duress defense. For example, Juan Hernandez was previously federally convicted of smuggling cocaine into a port of entry in the Southern District of California; Eddy Anchundia-Velez was on an Ecuadorian fishing vessel linked to a cocaine seizure in 2018. Other defendants have impeachment material in their backgrounds that support an inference of being previously involved in drug trafficking.

The materiality of Bran-Lopez's false statements in the proffer, and anticipated testimony as a defense witness, is therefore plainly evident. He takes the entirety of the blame for the conspiracy so as to absolve his codefendants with a facially false narrative about what happened. By doing so, he went from being a cooperating defendant about the codefendants' participation in a cocaine smuggling conspiracy on the high seas, to being a false exculpatory witness for them. This was a significant impediment to law enforcement's investigation not only of the named defendants in the case, but of the larger organization that planned the trip, recruited coconspirators, and financed the purchase of narcotics onboard. Bran-Lopez's materially false statements significantly impeded the current case and an investigation spanning two continents.

4

### § 5C1.2 & 18 U.S.C. § 3553(f):  Safety Valve

A defendant can be eligible for a two-level reduction in his applicable guideline range if he satisfies five criteria. USSG §5C1.2. Though there is no unresolved objection to Probation not applying this reduction, the United States requests a finding from the court that "the defendant has [not] truthfully provided to the Government all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan…." *Id*. at § 5C1.2(a)(5).

Section 5C1.2(a)(5) is a "'tell-all' provision: to meet its requirements, the defendant has an affirmative responsibility to 'truthfully disclose to the government all information and evidence that he has about the offense and all relevant conduct.'" *United States v. Johnson*, 375 F.3d 1300, 1302 (quoting *United States v. Yate*, 176 F.3d 1309, 1310 (11th Cir. 1999)). The defendant bears the burden of coming forward and truthfully divulging information about himself and "information relating to the involvement of others and to the chain of the narcotics distribution." *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

Bran-Lopez entered into a plea agreement in this case. Doc. 119. The factual basis of the plea agreement included an admission that Bran-Lopez was a knowing and willing participant in the plan to smuggling cocaine on a vessel subject to the jurisdiction of the United States. *Id*. at 18.

Bran-Lopez changed his plea to guilty before Judge Wilson on April 15, 2022. *See* Ex. 1. To the charge of knowingly and intentionally conspiring with his

5

codefendants and others to distribute and possess with intent to distribute in violation of Count One of the Indictment, Bran-Lopez confirmed that he was guilty. *Id.* at 4-5. He reviewed each page of the plea agreement with his attorney and confirmed that he understood each page of the same. *Id.* at 5-6. He confirmed that the factual basis of the plea agreement was read to him, that he did not dispute or disagree with any provisions in the factual basis, that he was involved in receiving the cocaine in the ocean, and that the cocaine was to be delivered to Mexico. *Id.* at 7-8.

Nowhere in the factual basis and at no time during the change of plea colloquy did Bran-Lopez state that he acted under duress when committing the offense. Moreover, Bran-Lopez never made a post-*Miranda* statement claiming to have been acting under duress.[1]

But Bran-Lopez told a different story to agents during his proffer on May 4, a proffer conducted after he changed his plea to guilty and the Court adjudicated him as guilty. In his words, he participated in the conspiracy because he was acting under duress – specifically, that his family would be killed. Moreover, he claimed that he told his codefendants that they were going out on a fishing trip, not a drug trip. The evidence points to no other conclusion in this case but that the defendants were engaged in a drug trip.

---

[1]    Due to Covid-19 protocols at the time of the defendant's arrest, agents did not have the opportunity to conduct a post-*Miranda* interview with him.

6

Bran Lopez's statement plainly describes a situation where he acted under duress when undertaking the smuggling trip. This cannot be reconciled with his guilty plea pursuant to a plea agreement where he admitted that he was involved in a drug conspiracy. If he was under duress, he lacked the requisite intent to knowingly conspire to possess with intent to distribute a controlled substance while on a vessel subject to the jurisdiction of the United States. Either Bran-Lopez was a knowing participant in the conspiracy, or he was not. Based on the fact that Bran-Lopez has already admitted while under oath to being a member of the conspiracy, his safety valve proffer is not a full "tell-all" of all information and evidence that he has about the offense and all relevant conduct.

Based on this record, not only should the Court not apply a safety valve reduction, it should also make an express finding that Bran-Lopez lied to federal agents.

7

## **CONCLUSION**

Based on the foregoing, the United States respectfully requests that this Honorable Court apply the sentencing guidelines as calculated in the defendant's PSR, as well as impose an enhancement for obstruction of justice. The United States will make a more detailed sentencing recommendation to the Court based on the evidence presented at the sentencing hearing and the relevant factors detailed in 18 U.S.C. § 3553(a).

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:     */s/ Daniel M. Baeza*
       Daniel M. Baeza
       Assistant United States Attorney
       USAO No. 164
       400 N. Tampa Street, Suite 3200
       Tampa, Florida 33602-4798
       Telephone:   (813) 274-6000
       Facsimile:    (813) 274-6358
       E-mail: Daniel.Baeza@usdoj.gov

**U.S. v. Bran Lopez**                    **Case No. 8:21-cr-25-VMC-TGW**

## CERTIFICATE OF SERVICE

I hereby certify that on June 27, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Defense Counsel of Record

/s/ *Daniel M. Baeza*
Daniel M. Baeza
Assistant United States Attorney
USAO No. 164
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone:    (813) 274-6000
Facsimile:    (813) 274-6358
E-mail: Daniel.Baeza@usdoj.gov

9